UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
:
PHYLLIS COACHMAN, ANTHONY :
GILHUYS, KATHERINE JAMES, and :
DEROY MURDOCK, :  **MEMORANDUM DECISION AND**
: **ORDER**
Plaintiffs, :
: 22-cv-5123 (BMC)
-against- :
:
THE CITY OF NEW YORK and THE NEW :
YORK CITY BOARD OF ELECTIONS, :
:
Defendants. :
:
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiffs' suit challenges Local Law 11 – a New York City municipal regulation allowing noncitizen residents to vote in city elections. For much of the two-and-a-half years it has been pending before the undersigned, the suit was stayed pending the resolution of a parallel state court action. The court presiding over that action permanently enjoined the City from enforcing the law before it could be implemented and ultimately voided the law on state constitutional grounds. The New York Court of Appeals affirmed that ruling last month. Fossella v. Adams, Index No. 85007/2022, 2022 WL 22596661, at *1 (N.Y. Sup. Ct. June 27, 2022), aff'd, 225 A.D.3d 98, 206 N.Y.S.3d 611 (2nd Dep't 2024), aff'd, No. 15, 2025 WL 864620 (N.Y. Mar. 20, 2025). This Court then ordered plaintiffs to show cause why the action is not moot. Their response does not convince, and the case is accordingly dismissed.

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome . . . making it impossible for a court to grant any effectual relief whatever to the prevailing party." Doe v. McDonald, 128 F.4th 379, 385 (2d Cir. 2025)

(cleaned up). By extension, when another tribunal affords full relief sought in a pending action, that action is moot. See, e.g., Am. Foreign Serv. Ass'n v. Garfinkel, 490 U.S. 153, 157-160 (1989); New York v. Seneci, 817 F.2d 1015, 1017 (2d Cir. 1987).

Fossella mooted nearly all relief plaintiffs seek. As plaintiffs themselves admit, "their request for an injunction is no longer required." So too is their request for declaratory relief because there is "no reasonable prospect that the [Local Law] will be revived." Conn. Citizens Def. League, Inc. v. Lamont, 6 F.4th 439, 446 (2d Cir. 2021). Indeed, there is no prospect at all – New York's court of last resort ruled it unconstitutional. It simply cannot be reimplemented.

The only relief not mooted by Fossella are plaintiffs' requests for nominal and compensatory damages. Van Wie v. Pataki, 267 F.3d 109, 115 n.4 (2d Cir. 2001) ("We note that had the plaintiffs sought money damages in addition to their request for injunctive relief, this controversy would not be moot."). If the law indeed deprived plaintiffs of a constitutional right, and that deprivation caused plaintiffs an emotional injury, they can recover emotional-distress damages. See Miner v. City of Glens Falls, 999 F.2d 655, 662 (2d Cir. 1993). And if they cannot establish emotional distress, "nominal damages . . . 'vindicat[e]' rights whose deprivation has not caused actual, provable injury." Memphis Cnty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986).

Yet plaintiffs do not have standing to pursue either claim. Cf. Nat'l Rifle Ass'n of Am. v. Hochul, No. 20-cv-3187, 2021 WL 5313713 (2d Cir. Nov. 16, 2021) (dismissing a case because recission of a statute mooted claims for injunctive and declaratory relief and because plaintiffs had no standing to pursue nominal damages). To establish standing, plaintiffs must plead that they suffered an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560

2

(1992). Plaintiffs have suffered no such invasion. Critically, although they claim that "constitutional injuries suffered, even for an instant, are still actionable," they cannot identify a constitutional injury suffered. The complaint does not allege that a single election took place before the law was enjoined in Fossella. Nor could it; the law was never implemented. Thus, plaintiffs did not suffer an injury in fact.

There remains one outstanding issue. Before the Court stayed this action, it deferred ruling on plaintiffs' motion to amend their complaint to add a claim under Section 3(c) of the Voting Rights Act.[1] Fossella would not moot this claim because, if plaintiffs prevailed, they could secure additional relief – namely, they could, at least in theory, impose preclearance obligations on New York City. See 52 U.S.C. § 10302(c). But such an amendment would be futile. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("Leave may be denied for . . . futility." (cleaned up)). For the same reasons outlined above, plaintiffs have not demonstrated an injury in fact and therefore lack standing to bring a Section 3(c) claim. Their motion to amend is denied, and the case is DISMISSED.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
   April 17, 2025

---

[1] Technically, plaintiffs did not move to amend, but rather filed a letter motion for a premotion conference. Satisfied that the letter and the parties' responses to my OSC arms me with all necessary information to rule on the potential motion, I waive the premotion conference requirement and treat the letter as plaintiffs' motion to amend.